UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUPA MEHTA,

    Plaintiff,

v.                             CASE No. 8:09-CV-59-T-33TGW

NEW YORK LIFE INSURANCE
COMPANY, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

This cause came on to be heard upon the Plaintiff's Motion to Amend Complaint, Motion to Remand, and for Attorney's Fees (Doc. 8), which has been referred to me for a report and recommendation (Doc. 17). Because the plaintiff seeks to add nondiverse defendants primarily for the purpose of destroying diversity jurisdiction and because the balancing of competing interests weighs in favor of the defendants, I recommend that the motions be denied.

### I.

This suit, alleging slander, libel, tortious interference with advantageous business relationships, and false imprisonment/wrongful

detention, was filed originally in state court (Doc. 2). There were no federal claims alleged in the complaint. The defendants timely filed a notice of removal of the suit to this court based on diversity jurisdiction (Doc. 1). The plaintiff thereafter sought leave of court to file her first amended complaint to add two nondiverse defendants, thus destroying diversity jurisdiction (Doc. 8). The submission, accordingly, incorporated a motion to remand (id.). A hearing was subsequently held on the motions (Doc. 23).

II.

Under 28 U.S.C. 1446(a), a defendant desiring to remove a civil action from state court can do so by filing a notice of removal in federal court, setting forth a short and plain statement of the grounds for removal. In this case, the notice of removal alleged that this court had jurisdiction over the action because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, which is a jurisdictional requirement (Doc. 1, ¶ 4). See 28 U.S.C. 1332(a).

The plaintiff does not contest the defendants' allegation that the amount in controversy exceeds $75,000 (Doc. 12, p. 5). Moreover, in an e-mail to defense counsel dated January 21, 2009, plaintiff's counsel wrote that

"[s]he does have a good faith basis for economic damages in excess of 75K" (Doc. 8-4, p. 3). Accordingly, there is no dispute the amount in controversy is met.

It is apparent that the current parties are diverse citizens. The defendants are foreign corporations with principal places of business in New York (Doc. 1, pp. 3-4). The plaintiff is a citizen and a resident of Tampa, Florida (id., p. 4). Accordingly, as to the current parties, there is no contention that the case is not properly before this court.

The plaintiff, however, desires to amend her complaint to add two employees of New York Life Insurance Company as defendants, former colleagues of the plaintiff, named Kevin Garman and Shams Merchant, and both are residents of Florida (Doc. 8, p. 3; Doc. 8-2, p. 2). The addition of the nondiverse defendants after removal would destroy subject matter jurisdiction in this case. See Hensgens v. Deere & Co., 833 F.2d 1179, 1180-81 (5th Cir. 1987). Under 28 U.S.C.1447, the case is properly remanded if at any time it appears that this court lacks subject matter jurisdiction. Id. at 1181. Thus, the plaintiff concurrently filed a motion to remand on the ground that, if her request to amend her complaint is granted to add two defendants who are

residents of Florida, the defendants will not satisfy their burden of showing that complete diversity of citizenship exists (Doc. 8, p. 2). 28 U.S.C. 1447(c).

The plaintiff relies on Rule 15(a), F.R.Civ.P., in support of her amendment (Doc. 8, p. 3). When a plaintiff seeks to join a nondiverse defendant after the case has been removed, however, the analysis begins with 28 U.S.C. 1447(e), rather than the liberal amendment standards of Rule 15(a). Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998).

The court has discretion to grant, or deny, such a request. Id. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. 1447(e). As her request affects the underlying jurisdiction of this case, the motion is afforded closer scrutiny than ordinary amendments. Hensgens v. Deere & Co., supra, 833 F.2d at 1182.

In exercising discretion to deny joinder, or to permit joinder and remand the case to state court, §1447(e) requires an evaluation of the prejudice to the parties. Specifically, in deciding whether amendment of the complaint should be allowed, the court should consider several factors

including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Hensgens v. Deere & Co., supra, 833 F.3d at 1182.

Four recent cases in the Middle District of Florida presenting similar facts denied the plaintiff's request to add nondiverse defendants because, among other Hensgens factors, it was strongly suspicious that the plaintiff's purpose was primarily to defeat diversity jurisdiction. Antoine v. State Farm Mutual Automobile Insurance Company, 2009 WL 129224 (M.D. Fla. 2009) (Melton, J.); Burr v. Philip Morris, USA, 2008 WL 2229689 (M.D. Fla. 2008) (Merryday, J.); Duckworth v. State Farm Mutual Automobile Insurance Company, 2008 WL 495380 (M.D. Fla. 2008) (Conway, C.J.); Vazquez v. Lowe's Home Centers, Inc., 2007 WL 128823 (M.D. Fla. 2007) (Whittemore, J.). This case cannot reasonably be distinguished and the plaintiff, at the hearing, made no attempt to do so. Accordingly, there is no reason why the court should come to a different conclusion.[*]

---

[*]Judge Kovachevich was also presented with a case in which the plaintiff filed a motion to amend and remand. Espat v. Espat, 56 F.Supp.2d 1377 (M.D. Fla. 1999).

To begin with, the plaintiff's late addition of known defendants and the timing of her requests to amend (in state and federal court) appear calculated to destroy diversity jurisdiction. Her initial complaint, filed in state court, alleged wrongdoing by Garman and Merchant, but they were not initially named as defendants (Doc. 2, ¶ 8). Instead, the plaintiff chose to sue only the entities related to Garman's and Merchant's employer, New York Life Insurance Company. The plaintiff sought to add Garman and Merchant to her state court complaint more than one month after her complaint was filed. The plaintiff had no cogent explanation at the hearing for the delayed decision to add the nondiverse defendants despite the prior identification of the individuals in her complaint. These circumstances suggest that the intention of the plaintiff for her motion to amend is to defeat federal jurisdiction. Duckworth v. State Farm Mutual Automobile Insurance Company, supra, 2008 WL 495380; Vazquez v. Lowe's Home Centers, Inc., supra, 2007 WL 128823.

---

Although she granted those motions, she set forth in detail the circumstances that distinguish her case from the four other cases decided differently in this district. Id. at 1381-83.

The timing of the amendment filed in both state and federal court is also highly suspicious. "Especially where ... a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999). The defendants stated at the hearing that the day after the plaintiff received a copy of the removal notice via FedEx, she filed in state court her first amended complaint naming Garman and Merchant as defendants (Doc. 8, p. 2). Of course, that request was improper as the defendants had removed the case.

The plaintiff contends that her motivation to add a cause of action against these two individuals is to protect her claims in the alternative against indispensable parties. However, the timing of her motion in state court is particularly telling that the purpose of this amendment is to defeat federal diversity jurisdiction. As the defendants point out, her motion to amend and motion to remand are simultaneous and even embodied in the same filing before the court. These circumstances also suggest that the amendment was designed to defeat jurisdiction.

On the second Hensgens factor, there is no contention by the defendants that the plaintiff's request to amend her complaint after notice of removal was not diligent. As indicated, the present motion to amend was filed close in time to removal. However, there was no valid reason given for not joining the nondiverse defendants at the beginning of the state suit despite naming Garman and Merchant in the complaint. See Antoine v. State Farm Mutual Automobile Insurance Company, supra, 2009 WL 129224 at *4.

The plaintiff made little effort to demonstrate that she would be significantly prejudiced if the amendment is not allowed. She alleged at the hearing that Garman and Merchant are indispensable parties pursuant to Rule 19, F.R.Civ.P. However, her claims against them are pled in the alternative to her independent claims against the current defendants. Importantly, the plaintiff is not precluded from bringing an action against the nondiverse defendants in state court.

Moreover, any prejudice is further diminished by the probability that Garman and Merchant, as well as the plaintiff, are bound by mandatory arbitration provisions in their contracts of employment (Doc. 12-3, p. 7; Doc.

12-4, p. 5; Doc. 12-5, p. 14). Consequently, it is doubtful that the plaintiff can obtain relief from Garman and Merchant in any judicial forum.

The likelihood that the claims against Garman and Merchant will be resolved in arbitration makes this even a stronger case for denying the request to add nondiverse defendants than the four cases from this district which have previously denied such relief in similar circumstances. Regardless, those four cases clearly show the proper resolution of the plaintiff's motions. There is no apparent reason for reaching a different conclusion.

### III.

For the foregoing reasons, the plaintiff's motion to amend the complaint by adding two nondiverse defendants should be denied. The plaintiff's motion to remand is premised upon the granting of that motion. Consequently, I recommend that the motion to amend and the motion to remand (Doc. 8) be denied.

Respectfully submitted,

DATED: JUNE 3‍0, 2009

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).